UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY SMITH,

    Plaintiff,

v.

LA HERRAN,

    Defendant.

Case No. 25-cv-01088-JSW

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff is a California prisoner proceeding pro who filed a civil rights complaint under 42 U.S.C. § 1983 against the District Attorney of San Francisco County. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED for failure to state a cognizable claim for relief.

# ANALYSIS

A.  **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.    LEGAL CLAIMS**

Plaintiff claims unspecified conditions of his plea agreement "have not been met."  He seeks to have the agreement "renegotiated" or "adjusted to my favor," set aside, stayed, held "unenforceable," or "other capacity," or be awarded money.  Any challenge to the validity of his plea agreement under federal law must be brought in a petition for a writ of habeas corpus, not a civil rights complaint, because success on such claims would affect the fact or duration of his confinement.  *See Hill v. McDonough*, 547 U.S. 573, 579 (2006); *see also Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, this case will be dismissed without prejudice to Plaintiff pursuing his claims challenging the validity of his plea agreement in a petition for a writ of habeas corpus, after Plaintiff has exhausted his state court remedies for such claims.

## CONCLUSION

For the above reasons, the complaint is DISMISSED without prejudice.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 13, 2025

JEFFREY S. WHITE
United States District Judge

2